UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL J. SCHARVER,

    Plaintiff,

v.                             CASE No. 8:08-CV-2058-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-nine years old at the time his insured status expired and who has the equivalent of a high school education, has worked as an air conditioning technician, maintenance worker, and production assembler (Tr. 82, 304, 326-27). He filed a claim for Social

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

Security disability benefits, alleging that he became disabled due to a back injury; pain in his shoulders, left elbow and left leg; anxiety; depression; and hemorrhoids (Tr. 81). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a *de novo* hearing before an administrative law judge. The law judge found that the plaintiff has a severe impairment of degenerative disc disease (back disorder) (Tr. 19). In light of that finding, the law judge concluded as follows (Tr. 21):

> [T]he claimant has the residual functional capacity to perform light work with the ability to stand, sit and walk for a total of six (6) hours in an 8-hour workday except with a sit/stand option at will; occasional postural activities; no significant restrictions with manipulation, visual, communicative or environmental; some pain but the pain would not interfere with the ability to perform activities; no severe impairments in connection with attention, concentration and memory; and [he] is capable of following simple and somewhat detailed instructions, but would work better alone with no constant or frequent supervision, and no frequent interaction with the general public.

Based upon the testimony of a vocational expert, the law judge determined that the plaintiff could return to past work as an assembly bench worker (Tr.

24). The plaintiff was therefore found not disabled as of the date last insured (Tr. 25). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A). Moreover, in order to receive disability benefits, the plaintiff must show that he became disabled before his insured status expired. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1, 20 C.F.R. Part 404, Subpart P, App. 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f). If a claimant

cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 404.1520(g).

III.

The plaintiff alleges that he has been disabled since September 12, 2003, due to physical and mental ailments. The law judge found that the plaintiff had impairments that significantly limited his functioning, but that he was not totally disabled as of the date last insured. The plaintiff has challenged the law judge's decision on three grounds. None warrants reversal.

It is important at the outset to address the matter of the date when the plaintiff's coverage for disability benefits expired, although the plaintiff has not raised that as an issue. The law judge found that the plaintiff's insured status ended on September 1, 2004 (Tr. 19). The date in September 2004 when the insured status was said to end is erroneous since an insured status ends at the end of a quarter. This error appears to fall in the category of a typographical or clerical error since the law judge stated during the hearing that the insured status ended on September 30, 2004 (Tr. 300, 301).

Accordingly, review in this case will be conducted with the understanding that the plaintiff must establish that he was disabled on, or before, September 30, 2004 (although this adjustment does not appear to make any difference).

It is noted that at the September 2007 hearing plaintiff's counsel raised the question whether, because of a prior period of disability, the plaintiff's insured status continued through the date of the hearing (Tr. 300). At the end of the hearing, the law judge said the date last insured would be checked, adding that, if the contention of a later date was correct, he would send the plaintiff for consultative examinations (Tr. 335). However, no consultative examinations were ordered, and the law judge found that the date last insured was in September 2004. Significantly, the plaintiff has not challenged that finding.

Two of the plaintiff's three issues concern his mental impairments. The law judge determined that the plaintiff suffers from bi-polar disorder and depression (Tr. 20). The law judge found that neither of these mental impairments was severe (Tr. 19). Nevertheless, he included in the residual functional capacity restrictions based on mental impairments. In this regard, the law judge limited the plaintiff to a job with no constant or

frequent supervision, no frequent interaction with the general public, and restricted to "simple [or] somewhat detailed instructions" (Tr. 21).

The plaintiff argues that the law judge erred in finding that the plaintiff did not have a severe mental impairment. This argument, even if correct, would not, by itself, support reversal.

The law judge identified the correct standard for determining whether an impairment is severe (Tr. 18), and set forth an explanation for his conclusion that the plaintiff's mental impairments were not severe (Tr. 18-20). It is unnecessary to determine whether that explanation was reasonable and substantiated, because that determination made no difference in the law judge's evaluation of the plaintiff's mental condition. In the first place, the law judge did not stop at step two of the sequential analysis, but proceeded on to step three and four. See Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 244 (6th Cir. 1987). Even more significant, the law judge in connection with step four included functional limitations in the plaintiff's residual functional capacity based upon the plaintiff's mental impairments. Consequently, the issue is not whether the law judge properly classified the plaintiff's mental impairments as not severe, but whether he

omitted from the plaintiff's residual functional capacity mental limitations that should have been included. That is the thrust of the plaintiff's second argument.

The mental limitations found by the law judge are apparently based upon the opinion of Dr. Gerald J. Hodan, a licensed psychologist, who performed a psychological evaluation of the plaintiff on December 9, 2004 (Tr. 126-30). Dr. Hodan opined that the plaintiff had bi-polar disorder, panic disorder, pain disorder associated with both psychological factors and a general medical condition, personality disorder, and alcohol dependence in sustained full remission (Tr. 130).

With regard to psychological work capabilities, Dr. Hodan opined, among other things, that the claimant did not have any severe impairment in attention, concentration or memory functions needed to understand, remember and follow through on instructions given to him in a job setting (Tr. 129). He also stated that the plaintiff was capable of appearing for work reliably, and maintaining good personal grooming and hygiene, but that he would work better alone and without constant supervision (id.). Dr. Hodan opined further that the plaintiff's mental health

problems would not preclude him from sustaining employment over time (id.).

Dr. Hodan said further that the plaintiff "appears capable of following simple as well as somewhat detailed instructions" (Tr. 129). Dr. Hodan added (id.):

> He is well aware of working better when he is alone and, thus, it seems he would do best in a work setting where he did not have to work among a group of people.... He also likely does well when he doesn't have a supervisor over his shoulder because of his problems with authority over the years.

The law judge included these limitations in his residual functional capacity (Tr. 21) and in his hypothetical questions to the vocational expert (Tr. 331).

The plaintiff contends that the plaintiff should have included other mental limitations in the plaintiff's residual functional capacity based on comments in Dr. Hodan's report (Doc. 16, p. 9). In this respect, the plaintiff quotes the following statements (id.; see Tr. 129):

> [M]ood swings will interfere with him being able to sustain emotional and behavioral stability over time. If he is depressed, he may not appear for work. If he appears for work, he could be slowed in terms of getting his work done, compromised in terms of stress tolerance and could even become so depressed that he doesn't appear for work. If he

> becomes manic, he will be a disruptive influence in the work setting, bothersome to others and jeopardize[] being able to maintain his job....

Clearly, the law judge did not accept these comments as stating significant functional mental limitations. His conclusion is reasonable since they appear to be inconsistent with other statements in Dr. Hodan's report (see Tr. 127). Further, two reviewing psychologists have opined, after considering Dr. Hodan's report, as well as the remainder of the record through the date last insured, that the plaintiff's mental impairments were not severe (Tr. 142, 156, 178, 190).

In any event, the comments from Dr. Hodan mentioning potential problems from mood swings does not help the plaintiff under the circumstances of this case. Dr. Hodan concluded, "[o]verall, thus, as [the plaintiff] stated, it is his physical health problems that are preventing him from being able to sustain any type of employment over time, as his mental problems have been present for years but did not stop him from being able to work" (Tr. 129). Importantly, Dr. Hodan's statements were made more than two months after the plaintiff's insured status expired. Consequently, Dr. Hodan's concern about potential problems in the future from mood swings is simply not relevant. The plaintiff's claim involves his ability to work during

a period prior to Dr. Hodan's report, and Dr. Hodan has said that the plaintiff's mental condition did not stop him from being able to work. Moreover, the plaintiff has not pointed to any evidence contradicting Dr. Hodan's statement.

The plaintiff, therefore, has not demonstrated that he had a mental functional limitation that was not included in his residual functional capacity. Consequently, if the law judge erred in finding that the plaintiff's mental limitations were nonsevere, that error was harmless.

The plaintiff's final argument is that the law judge erred in finding the plaintiff less than fully credible (Doc. 16, p. 9). His contention is unpersuasive.

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge concludes that there is an objectively

determined medical condition which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge clearly applied this standard. Thus, he not only cited the governing regulation and Social Security Rulings, but he also set forth the standard itself (Tr. 21). Moreover, he explained why he was discounting, to some extent, the plaintiff's testimony regarding his subjective complaints. The law judge stated that "[t]he medical evidence does not support a conclusion that the claimant is disabled" (Tr. 22). He then set forth pertinent evidence supporting his finding (as well as evidence regarding injuries and conditions arising after the date last insured) (Tr. 22-23). The law judge also noted that the plaintiff had told a mental health provider on January 30, 2004, that he had been jogging five to eight miles a day (Tr. 19; see Tr. 121).

The plaintiff's argument on this point is limited to the contention that two doctors found evidence of medical conditions that could reasonably give rise to the alleged pain (Doc. 16, p. 10). That argument is insufficient.

The law judge expressly found that the plaintiff's impairments could reasonably be expected to produce the alleged symptoms (Tr. 22). That does not mean, as the plaintiff seems to suggest, that the law judge was obligated to accept those alleged symptoms as credible. Rather, as the law judge recognized, that simply meant that he was required to assess the credibility of the alleged symptoms. And, as indicated, the law judge proceeded to do that.

Significantly, the plaintiff did not develop any challenge to the law judge's credibility determination. That failure is particularly noteworthy in light of the scheduling Order, which required the plaintiff to support any challenge to the law judge's decision "by citations to the record of the pertinent facts" (Doc. 11, p. 2). Not only has the plaintiff not cited to any evidence in the record on this issue, he also did not set forth any reasons why the evidence compels a finding that the plaintiff is fully credible. Accordingly, the plaintiff's challenge to the credibility determination is without merit.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 11th day of December, 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE